## CROMLEY v PRUDENTIAL INS CO

Ohio Common Pleas, Franklin Co

Decided Oct 15, 1936

O. B. Sherwood, Columbus, and Miller, Miller & Snider, Columbus, for plaintiff.

Carl H. Valentine, Columbus, for defendant.

## OPINION

By RANDALL, J.

We have carefully considered the brief of counsel and the Declaratory Judgment Act and reach the following conclusion as to the demurrer of defendant to the first amended petition.

The motion for leave to amend the amended petition has not been presented for hearing. Since no answer has been filed the plaintiff might amend without leave of court. However, as the petition stands the demurrer is well taken. If the plaintiff amends as prayed for in his motion, the defect will thereby be cured.

As to the second ground of demurrer challenging the sufficiency of the facts alleged to constitute a cause of action, we are of the opinion that as the petition now stands the demurrer is well taken for the reason that it does not make sufficient averments as to the alleged disability and the proof thereof as required by the policy. For this reason alone a general demurrer will be sustained.

Counsel for the defendant further contends that this court does not have jurisdiction under the declaratory judgment Act to afford the relief sought by plaintiff.

It would seem that the type of case here being considered is an ideal example of the kind of action in contemplation of the Legislature when the act was passed. Here it is very important to plaintiff to be assured of his rights in and concerning the insurance policy in question and his legal relationship to the defendant company. He has been overcome with a malady which he believes to excuse him from further payment of premiums. Even though he may

be physically, totally and permanently disabled he may live for many years. If his policy is in force now, he can be assured that his estate or any beneficiary he may name who has an insurable interest, will receive the proceeds thereof at the time of his death. Knowledge of his exact rights now may guide him in making testamentary dispositions. If certain objects of his bounty are to receive the proceeds of the policy, then he may devise or bequeath other property held by him to others whom he desires to remember. Furthermore, he might be guided in his present expenditures and standard of living if he had assurance as to the validity of his policy. Many persons provide in advance insurance reserves and paid up policies rather than to practice thrift and frugality in the expenditure of their earnings. Furthermore, there is perhaps no better time than the present to determine what the physical condition of plaintiff was in fact when he ceased paying premiums. Witnesses are now living and the plaintiff himself is living and available for physical examinations by defendant. The further removed from the present, the determination of what his physical condition was when he ceased paying premiums, the more difficult and unsatisfactory that determination will be.

A declaration now as to the above matters will remove uncertainty and would appear to be to the mutual advantage of the parties.

Defendant insists that to determine plaintiff's "rights" under these contracts it is only necessary to read the contracts themselves. The petition, however, alleges that defendant notified plaintiff in writing that the policies had elapsed before the occurrence of total and continuous disability of plaintiff. Plaintiff's rights therefore, in the policy, depend not only on the written provisions thereof but also upon the facts existing after the policy was issued. Plaintiff does not know whether the policies are in force or not in force.

The declaratory judgment law in Ohio is so new that judicial interpretation of its provisions by the courts of this state is not available.

The excerpt from Borchard on Declaratory Judgments, cited in the supplemental brief of counsel for plaintiff does however point out that under such acts the court may declare whether or not a policy is in force.

Defendant's counsel points out §12102-6 GC which provides that the court may re-

fuse to render or enter a declaratory judgment or decree where such judgment or decree if rendered would not terminate the uncertainty or controversy giving rise to the proceeding.

This very provision indicates that the determination of the question as to whether the decree or judgment will terminate the uncertainty or controversy is a matter for the trial court to determine after a hearing. It will be noted that the provisions of the above mentioned section are not mandatory but leave it to the discretion of the court as to the finality of any such decree or judgment.

It is a well recognized rule that in personal injury cases recovery may be had for damages which may occur in the future if they are reasonably certain to occur. So in the case at bar the trial court may or may not be convinced that the physical condition of plaintiff will be permanent. He may or may not determine that plaintiff's physical condition was such that he was justified in ceasing to pay premiums. If not convinced that a permanent disability exists the court or jury will say so. Furthermore, a determination as to plaintiff's condition at the time he ceased to pay premiums would certainly be final as to that question.

On the whole we cannot conceive of a more ideal case for invoking the provisions of the Declaratory Judgment Act than the one at bar.

We have discussed the question of jurisdiction inasmuch as this point was raised in the brief of defendant in support of its demurrer. Inasmuch as we are sustaining the demurrer solely upon the ground of misjoinder and insufficiency of pleaded facts as to the nature of the alleged disabilities, we suggest that the matter of jurisdiction might be raised by demurrer to the new amended petition if filed. In this way defendant may save exception to the rule if the same should be in accordance with our conclusions in the dictum of this decision. Demurrer sustained. Leave to amend. Exceptions.